UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS T. S., Petitioner, v. MARKWAYNE MULLIN, et al., Respondents. | No. 1:26-cv-07046-RLP<br><br>ORDER GRANTING HABEAS PETITION |

Before the Court is Petitioner Nicholas T. S.'s[1] ("Petitioner") petition for writ of habeas corpus. ECF No. 2. He asserts his detention violates the Fifth Amendment Due Process Clause, exceeds ICE's authority under INA § 236(a), 8 U.S.C. § 1226(a), and 8 C.F.R. § 236.1, and is inconsistent with ICE's own

[1]The Court omits Petitioner's full name to protect sensitive personal information.

policies regarding technical noncompliance. *Id.* He requests immediate release or, alternatively, a bond hearing. The government agrees Petitioner is entitled to a bond hearing but does not otherwise address Petitioner's arguments. ECF No. 6. The Court agrees with Petitioner that his detention violates due process and federal law, so the Court finds Petitioner should be released.

## BACKGROUND

Petitioner is a citizen of Colombia who entered the United States in November 2022. ECF No. 2 at 2; 6-1 at 3. He was encountered by U.S. Border Patrol, was served a Notice to Appear, and released on his own recognizance pending immigration removal proceedings. ECF No. 6-1 at 3; 6-2; 6-3. According to the Petition, Petitioner timely filed a Form I-589 Application for Asylum and Withholding of Removal with the immigration court. ECF No. 2 at 2. After release, he participated in ICE's Alternatives to Detention Intensive Supervision Appearance Program, which required monthly photographic check-ins through an app on his phone. *Id.* On August 21, 2026, an officer called Petitioner and told him that he had missed three app-based check-ins and he needed to report to an ICE office on August 23. *Id.*; *see* ECF No. 6-1 at 2. Petitioner indicates he has proof of all required check-ins on his phone. *Id.* After he appeared at the August 23, 2026 appointment, he was taken into custody and has been detained ever since. *See* ECF No. 6-1 at 2.

## LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis,* 533 U.S. 678, 687 (2001).

## ANALYSIS

Petitioner's detention is governed by 8 U.S.C. § 1226(a). Under § 1226(a),

> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) and pending such decision, the Attorney General—
> (1) may continue to detain the arrested alien; and
> (2) may release the alien on—
> (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
> (B) conditional parole.

8 U.S.C. § 1226(a)(1)-(2).

In a one-line response, Respondents concede Petitioner is entitled to a

custody determination hearing under § 1226(a). ECF No. 6; *see Rodriguez Vazquez v. Bostock*, 184 F.4th 1160, 1165 (9th Cir. 2026) ("aliens present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)"). Yet no such hearing has been provided or scheduled. The criminal history record submitted with the response indicates no criminal history, ECF No. 6-4, and Respondents do not contend Petitioner is a danger to the community or risk of flight. *Id.* And no warrant or I-200 form was submitted even though "[i]ssuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a)." *J.A.C.P. v. Wofford*, No. 1:25-cv-01354-KES-SKO (HC), 2025 WL 3013328, at *8 (E.D. Cal. Oct. 27, 2025) (citation and internal quotation marks omitted).

Accordingly, Petitioner's detention is unlawful. *See Zurita Navarro v. Warden, Cent. Valley Annex Det. Facility*, No. 1:26-cv-05661-DAD-SCR (HC), 2026 WL 2294963 (E.D. Cal. Aug. 10, 2026) (concluding the government's failure to comply with the procedures set forth in § 1226(a) rendered detention unlawful and warranted immediate release); *Dinesh S. v. Chestnut*, No. 1:26-CV-01717-TLN-EFB, 2026 WL 1028016, at *2 (E.D. Cal. Apr. 16, 2026) (citing *Quijada Cordoba v. Knight*, 809 F. Supp. 3d 1110, 1122 (D. Idaho 2025) (ordering release of detainee challenging his detention without a bond hearing and collecting cases).

Furthermore, the petitioner's detention without notice and a pre-deprivation

hearing following his prior release on recognizance violates petitioner's due process rights. The process that is due required that Petitioner receive notice and a pre-deprivation hearing before an immigration judge. *Pajan v. Andrews*, No. 1:26-CV-06727-DAD-CKD, 2026 WL 2594132, at *1 (E.D. Cal. Sept. 2, 2026). Petitioner's re-detention without a pre-deprivation hearing before a neutral adjudicator where the government would be required to justify his re-detention by clear and convincing evidence violates due process. *See Labrador-Prato v. Noem,* 815 F. Supp. 3d 1113, 1121–22 (E.D. Cal. 2025); *Tinoco v. Noem*, 818 F. Supp. 3d 1141, 1152–53 (E.D. Cal. 2025); *Gonzalez v. Cerna*, No. 1:26-CV-01344-DC-JDP (HC), 2026 WL 604193, at *1 (E.D. Cal. Mar. 4, 2026); *see also Sharma v. Warden of Golden State Annex Det. Facility*, No. 1:25-cv-1861-AC, 2026 WL 1162718, at *5 (E.D. Cal. Apr. 29, 2026) ("[T]his court has [routinely] found that the Due Process Clause requires that, in order for the government to *re-detain* a noncitizen who has been *previously released* on bond or conditional parole under 8 U.S.C. § 1226(a), or humanitarian parole under 8 U.S.C. § 1182(d)(5), the government must provide a pre-deprivation bond hearing before a neutral arbiter at which the noncitizen's eligibility for bond must be considered.") (quoting *Hernandez Gonzalez v. Warden, California City Corr. Ctr.*, No. 1:26-cv-2630 DC AC, 2026 WL 1069555, at *1 and collecting cases). Release is the proper remedy in such a situation. *See Labrador-Prato v. Noem,* 815 F. Supp. 3d at 1123.

The court will therefore grant the petition and order Petitioner's immediate release.

**Accordingly, IT IS ORDERED:**

1. The petition for writ of habeas corpus, **ECF No. 2**, is **GRANTED.**

2. Respondent must **IMMEDIATELY RELEASE** Petitioner (A # 246202586) from custody. At the time of release, Respondent must return all of Petitioner's documents and possessions and shall not impose any additional restrictions on him as a condition of his release. Respondent must file a notice certifying compliance with this provision of the Court's Order within two (2) court days from the date of this Order.

3. Respondent is ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, including seven-days' notice and a pre-deprivation hearing before a neutral fact-finder where (a) Respondent shows material changed circumstances demonstrate a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (b) Respondent demonstrates by clear and convincing evidence that the Government's interest in protecting the public and/or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention. *See Zadvydas*, 533 U.S. at 690; *Hernandez*, 872 F.3d at 990. At any such hearing, Petitioner shall be allowed to have counsel

present.

4. The security bond requirement of Federal Rule of Civil Procedure 65(c) is waived. Courts regularly waive security in cases like this, and the government has not established a need to impose a security bond.

**IT IS SO ORDERED.** The Clerk of Court shall enter this Order, issue judgment in favor of Petitioner, and CLOSE the file.

**DATED** September 15, 2026.

REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE